CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUL 20 2005

JOHN F. CORCORAN, CLERK
BY /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLOS ALBERTO PEREZ-FULGENCIO, | Civil Action No. 7:05-CV-00235 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Carlos Alberto Perez-Fulgencio brings this 28 U.S.C. § 2255 petition, challenging his sentence for conspiracy to distribute and distribution of 50 grams or more of a mixture or substance containing cocaine base or crack. This matter is before the court on the respondent's motion to dismiss. Perez-Fulgencio claims that his counsel failed to file an appeal upon request. The court is unable to resolve Perez-Fulgencio's claim on the current record and, therefore, orders an evidentiary hearing.

I.

A grand jury indicted Perez-Fulgencio for conspiracy to distribute and distribution of 50 grams or more of a mixture or substance containing cocaine base or crack. Perez-Fulgencio pled guilty pursuant to a signed plea agreement, under which he waived his rights to appeal and collaterally attack his sentence.[1] After a Rule 11 colloquy, the court accepted Perez-

---

[1] Because Perez-Fulgencio's ineffective assistance claim pertains to a phase post-dating execution of his waiver of the right to collaterally attack, it falls outside the scope of the waiver, requiring review on the merits. See United States v. Attar, 38 F.3d 727 (4th Cir. 1994) (allowing petitioner to raise claim that he was denied assistance of counsel at sentencing despite execution of a waiver of the right to directly appeal); United States v. Baker, 109 Fed.Appx. 535 (4th Cir. 2004) (per curiam) (unpublished) (characterizing Attar as standing for the proposition that a waiver of appellate rights does not apply when petitioner "asserts a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea.").

Fulgencio's plea. The court sentenced Perez-Fulgencio to 168 months, a sentence which took into consideration a four-point offense-level enhancement for being the organizer or leader of a criminal activity which involved five or more people or was otherwise extensive. Perez-Fulgencio did not appeal. In his § 2255 petition, Perez-Fulgencio claims that he wished to challenge the enhancement of his sentence and instructed counsel to file an appeal but that counsel ignored his request.

## II.

"An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." U.S. v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. Thus, if Perez-Fulgencio's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. On the record as it currently exists, the court is unable to evaluate Perez-

---

At issue in Attar was a waiver of the right to directly appeal. The Fourth Circuit has yet to directly address the issue of whether Attar principles apply to waivers of the right to collaterally attack, and district courts addressing the issue have arrived at conflicting conclusions. Compare Braxton v. United States, 358 F.Supp. 2d 497, 502-03 (distinguishing waivers of the right to directly appeal from waivers of the right to collaterally attack and concluding that Attar principles are inapplicable to the latter), to Crawford v. United States, 2005 WL 1330519 (N.D. W.Va. 2005) (rejecting Braxton and allowing petitioner to raise claim of ineffective assistance at sentencing despite execution of a waiver of the right to collaterally attack) and Moon v. United States, 181 F.Supp.2d 596, 598-99 (E.D.Va. 2002) (finding Attar principles applicable to waivers of the right to collaterally attack). However, in the 2005 case of United States v. Lemaster, 403 F.3d 216, 220 n2 (2005), which post-dates two of the conflicting precedents, the Fourth Circuit acknowledged that the applicability of Attar to collateral attack waivers was not squarely before the court but, nevertheless, noted, "[W]e have no occasion to consider whether a district court should address similar claims in a § 2255 motion despite a general waiver of collateral attack rights. As we noted above, however, we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights."

2

Fulgencio's allegation. The court, therefore, orders an evidentiary hearing.

## III.

For the reasons stated herein, the court orders an evidentiary hearing on the issue of whether Perez-Fulgencio instructed his attorney to file an appeal.

**ENTER**: This 20th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE